## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION No.: |
| v. | : | |
| COLBY J. NEIDIG | : | |
| Defendant. | : | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, State Farm Fire and Casualty Company, by and through its undersigned counsel, Carroll, McNulty and Kull, LLC, as and for its Complaint for Declaratory Judgment states as follows:

### JURISDICTION AND VENUE

1.       This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

3.       Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 (a) as the defendant resides in the Western District of Pennsylvania and the events at issue took place in the Western District of Pennsylvania.

### THE PARTIES

4.       Plaintiff in this action is State Farm Fire and Casualty Company ("State Farm"), which is a wholly-owned subsidiary of State Farm Mutual Automobile Insurance Company, an

Illinois mutual insurance company, having its principal place of business at One State Farm Plaza, Bloomington, Illinois, 61710-0001.  State Farm is licensed to issue, and does in fact issue, insurance policies in the Commonwealth of Pennsylvania.

5.      Upon information and belief, Defendant Officer Colby J. Neidig ("Neidig") is an adult individual residing in the Western District of Pennsylvania and was a police officer for the City of Pittsburgh Police Department.

6.      Plaintiff issued a homeowners policy of insurance to Neidig, which insurance is more fully described below.

7.      The scope of the coverage available to Neidig is governed by the terms, conditions, and exclusions of the policy.

## NATURE OF THE ACTION

8.      This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.  In this action, State Farm seeks a determination of its rights and obligations to Neidig under a homeowners insurance policy issued to Neidig.

9.      State Farm issued a policy bearing number 38-BA-Y708-4 to provide homeowner's coverage to Colby J. Neidig ("the Policy").  A true and correct certified copy of the Policy is attached hereto as Exhibit A.

10.      The State Farm Policy provides limited personal liability coverage.

11.      The personal liability coverage only applies to bodily injury caused by an occurrence.

12.      The Policy is subject to certain terms, conditions, limitations, exclusions and endorsements as set forth in the Policy.

13.      Neidig has been named in a lawsuit captioned *Shane McGuire v. City of*

*Pittsburgh; Colby J. Neidig and David Blatt,* No. 2:14-cv-01531, in the United States District Court for the Western District of Pennsylvania ("The Underlying Action"). A true and correct copy of the Complaint in the Underlying Action is attached hereto as Exhibit B.

14.   Neidig sought defense and indemnity from State Farm for the Underlying Action.

15.   State Farm has been providing a defense to Neidig for the Underlying Action pursuant to a Reservation of Rights letter dated April 9, 2016.  A true and correct copy of the Reservation of Rights letter is attached hereto as Exhibit C.

16.   State Farm seeks a determination that it has no obligation to defend or indemnify Neidig in the Underlying Action based upon certain provisions of, and exclusions in, the Policy.

## STATEMENT OF FACTS

17.   The Policy provides as follows with respect to Personal Liability Coverage:

**COVERAGE L –
PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1.      pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2.      provide a defense at our expense by counsel of our choice….

*See* Exhibit A (emphasis in original).

18.   "Bodily injury" is defined in the Policy as follows:

"**bodily injury**" means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting thereon.

**Bodily injury** does not include:

* * * *

c.   emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

*See* Exhibit A (emphasis in original).

19.   The Policy provides coverage for damages because of "bodily injury" caused by an "occurrence," as defined in the policy.   Endorsement FE-3518 amends the definition of "Occurrence" to provide:

7.   "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

a.   **bodily injury**; or

b.   **property damage**;

during the policy period.  All **bodily injury** and **property damage** resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

*See* Exhibit A (emphasis in original).

20.   The Policy contains the following exclusion with respect to intentional acts of the insured:

SECTION II – EXCLUSIONS

1.   Coverage L … [does] not apply to:

a.   **bodily injury** or **property damage**:

(1)   which is either expected or intended by the **insured**; or

(2)   which is the result of willful and malicious acts of the **insured**;

*See* Exhibit A (emphasis in original).

21.     The Underlying Action was brought by underlying Plaintiff Shane McGuire ("McGuire") against Neidig and co-defendants The City of Pittsburgh and David Blatt (See Exhibit B, ¶¶ 3-5).

22.     Co- Defendant The City of Pittsburgh was dismissed from the McGuire Lawsuit through an Order entered on August 18, 2015 (Memorandum Opinion and Order (Doc. #37), Dkt. No. 2:14-cv-01531-MAK, August 18, 2015)[1].

23.     Co-Defendant David Blatt was dismissed from the McGuire Lawsuit through an Order entered on November 3, 2016.   (Memorandum Opinion and Order (Docs. #60 and #61), Dkt. No. 2:14-cv-01531-MAK, November 3, 2016)

24.     McGuire's claims against Neidig in the Underlying Complaint originate from factual allegations that McGuire and several other youths were engaging in minor acts of mischief on or about November 10, 2012 when they rang the doorbell of Neidig, who at the time was in his garage. (See Exhibit B, ¶¶ 6-9).

25.     The Underlying Complaint specifically alleges, in relevant part, that:

> 10.     Neidig began to chase the group of youths including the Plaintiff and ultimately focused his attention and chase upon the Plaintiff.

> 11.     During the chase, Neidig repeatedly ordered the Plaintiff to stop.

> 12.     As Neidig chased the Plaintiff approximately one mile, he yelled, "I should shoot your ass!"

> 13.     At a point after the Plaintiff had run through woods and other areas, the Plaintiff realized he could run no further and stopped and apologized to Neidig and asked Neidig if they could talk about the situation.

---

[1] All references to this Court's docket will be cited as ([document title] (Doc. #__) at ____, Dkt. No2:14-cv-01531-MAK, [date filed]).

14.     Neidig stated that they could talk about it and Neidig walked towards the Plaintiff.

15.     Once he got within arm's length of Plaintiff, Neidig proceeded, unprovoked in any manner by the Plaintiff [McGuire], proceeded to severely punch, head butt, choke and otherwise beat the Plaintiff, who was offering no resistance to him before or during the beating.

16.     Neidig punched the Plaintiff six to nine times while Plaintiff was curled up in fetal position.

17.     Neidig continued to beat the Plaintiff, despite repeated cries and pleas from Plaintiff for him to stop.

See Exhibit B, ¶¶ 10-17.

26.     Count I alleges that Neidig "used unreasonable and excessive force in the unlawful detention of Plaintiff [McGuire]." Count I further alleges that "Defendant [Neidig] punched, head-butted, choked and beat Plaintiff [McGuire], which in fact Plaintiff [McGuire] offered no resistance other than to protect himself." (See Exhibit B, ¶¶ 42-44).

27.     By way of physical injuries, Count I alleges that "plaintiff sustained the following injuries, which may or may not be permanent:  (a) closed reduction nasal fracture; (b) pain in nose and face and disfigurement; (c) bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and (d) nervousness, emotion tension and anxiety." (See Exhibit B, ¶ 46).

28.     Counts II through V, VII and VIII of the Complaint were dismissed with prejudice pursuant to an Order partially granting defendants' Partial Motion to Dismiss for Failure to State a Claim under 42 U.S.C. § 1983 (Memorandum Opinion and Order (Doc. #37), Dkt. No. 2:14-cv-01531-MAK, August 18, 2015).

29.     Count VI alleges a Constitutional violation under 42 U.S.C. § 1983 solely against formerly dismissed co-defendant The City of Pittsburgh, and is thus dismissed as a result of The City of Pittsburgh's dismissal from the McGuire Lawsuit.  (See Exhibit B).

30.     Count IX alleges that "Defendant [Neidig] intentionally, knowingly, or recklessly, caused bodily injury to Plaintiff [McGuire] which caused his injuries and damages previously set forth." (See Exhibit B, ¶ 86).

## REQUEST FOR DECLARATORY RELIEF

### COUNT I
### (No Occurrence)

31.     State Farm incorporates herein by reference the allegations set forth in paragraphs 1 through 30, inclusive, as if the same were fully set forth at length.

32.     "Occurrence" is defined under the Policy as follows:

> 7.     "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:
>
>     a.     **bodily injury**; or
>
>     b.     **property damage**;
>
> during the policy period. All **bodily injury** and **property damage** resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

*See* Exhibit A (emphasis in original).

33.     The State Farm Policy only provides insurance coverage for bodily injury caused by an "occurrence."

34.     Pursuant to Pennsylvania law, an "occurrence," as used in a liability policy such as the State Farm Policy, is an accident, or something that is unexpected and fortuitous.

35.     The fortuity of an event is examined from the perspective of the insured.

7

36.     The Underlying Action alleges that after McGuire gave up running and surrendered to Neidig, Neidig "unprovoked in any manner by the McGuire," punched, head-butt, choked and beat McGuire. (See Exhibit B, ¶ 15).

37.     The Complaint alleges that Neidig punched McGuire six to nine times while the Plaintiff was curled up in a fetal position and that he continued to beat McGuire despite his repeated cries and pleas for Neidig to stop. (See Exhibit B, ¶¶ 16-17).

38.     The Underlying Action further alleges that Neidig intentionally, knowingly, or recklessly, caused bodily injury to McGuire. (See Exhibit B, ¶ 86).

39.     The factual allegations of the Complaint plainly illustrate that McGuire's alleged injuries were the result of Neidig's non-accidental conduct.

40.     There is no accidental conduct alleged in the Complaint.

41.     Because none of the claims asserted against Neidig in the Underlying Action allege an "accident," those claims do not arise out of an "occurrence", as is required by the Policy.

42.     As a result, the claims set forth in the Underlying Action do not fall within the Insuring Agreement of the Policy, and State Farm has no duty to defend Neidig for the claims asserted in the Underlying Action.

43.     Moreover, because State Farm has no duty to defend Neidig for the claims asserted in the Underlying Action, State Farm has no duty to indemnify Neidig for the Underlying Action.

WHEREFORE, State Farm seeks a judgment that it has no duty under the Policy to defend and/or indemnify Neidig for the claims brought against him in the Underlying Action.

## COUNT II
### (Intentional Acts Exclusion)

44.     State Farm incorporates herein by reference the allegations set forth in paragraphs 1 through 43, inclusive, as if the same were fully set forth at length.

45.     The Policy contains the following exclusion with respect to bodily injury or property damage arising from intentional acts of the insured:

SECTION II – EXCLUSIONS

1.     Coverage L … [does] not apply to:

a.     **bodily injury** or **property damage**:

(1)     which is either expected or intended by the **insured**; or

(2)     which is the result of willful and malicious acts of the **insured**;

*See* Exhibit A (emphasis in original).

46.     An injury is expected or intended when an actor is aware he or she will cause harm to another person and does in fact cause harm of the same general type.

47.     The Underlying Action alleges that Neidig, "unprovoked in any manner by the McGuire," punched, head-butt, choked and beat McGuire. (See Exhibit B, ¶ 15).

48.     The Complaint alleges that Neidig punched McGuire six to nine times while the Plaintiff was curled up in a fetal position and that he continued to beat McGuire despite his repeated cries and pleas for Neidig to stop. (See Exhibit B, ¶¶ 16-17).

49.     The Underlying Action further alleges that Neidig intentionally, knowingly, or recklessly, caused bodily injury to McGuire. (See Exhibit B, ¶ 86).

50.     As discussed above in Count I, Neidig's actions were clearly intentional based on the factual allegations of the Underlying Action.

51.     Further, McGuire's injuries are a natural and probable consequence of Neidig's actions, and Neidig caused the type of harm that he was aware would be caused by striking McGuire in the face.

52.     Because the Underlying Action alleges that McGuire's injuries were expected or intended by Neidig and/or were the result of willful and malicious acts of Neidig, the Underlying Action falls within the "intentional acts" exclusion of the Policy.

53.     As a result, the claims set forth in the Underlying Action are excluded by the Policy, and State Farm has no duty to defend Neidig for the claims asserted in the Underlying Action.

54.     Moreover, because State Farm has no duty to defend Neidig for the claims asserted in the Underlying Action, State Farm has no duty to indemnify Neidig for the Underlying Action.

WHEREFORE, State Farm seeks a judgment that it has no duty under the Policy to defend and/or indemnify Neidig for the claims brought against him in the Underlying Action.

**COUNT III**
**(No Coverage for Punitive Damages)**

55.     State Farm incorporates herein by reference the allegations set forth in paragraphs 1 through 54 inclusive, as if the same were fully set forth at length.

56.     In addition to compensatory damages, the Underlying Action seeks exemplary damages against Neidig in Count I. (*See* Exhibit B, Count I.)

57.     Under Pennsylvania law, an insured is not entitled to coverage for punitive damages.

58.     As a result, the claims for exemplary damages set forth in the Underlying Action do not fall within the coverage of the Policy, and State Farm has no duty to defend Neidig for the claims asserted in the Underlying Action.

59.     Moreover, because State Farm has no duty to defend Neidig for the claims asserted in the Underlying Action, State Farm has no duty to indemnify Neidig for the Underlying Action.

WHEREFORE, State Farm seeks a judgment that it has no duty under the Policy to defend and/or indemnify Neidig for the claims brought against him in the Underlying Action.

## REQUEST FOR DECLARATORY RELIEF

60.     State Farm incorporates herein by reference the allegations set forth in paragraphs 1 through 59, inclusive, as if the same were fully set forth at length.

61.     An actual and justiciable controversy exists concerning the rights and obligations of the parties under the State Farm Policy at issue with respect to the Underlying Action.

62.     All parties have a claim or interest in the outcome of the declaratory relief sought by this action.

63.     State Farm is entitled to a declaration that it is under no obligation to defend Neidig with regard to the claims asserted against him in the Underlying Action.

64.     State Farm is further entitled to a declaration that it has no duty to indemnify Neidig with regard to the claims asserted against him in the Underlying Action.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company demands judgment as follows:

a.      A declaratory judgment that State Farm has no obligation to defend Colby J. Neidig with regard to the claims asserted against him in the Underlying Action;

11

b.    A declaratory judgment that State Farm has no obligation to indemnify Colby J. Neidig with regard to the claims asserted against him in the Underlying Action; and

c.    Such other further relief as this Court deems just and proper.

Respectfully Submitted,

BY: *Elizabeth A. Sutton*
Elizabeth A. Sutton (PA 205904)
Bradley J. Mortensen (PA 54558)

CARROLL MCNULTY & KULL LLC
Two Liberty Place
50 South 16th Street, Suite 2600
Philadelphia, PA 19102
Phone: (267) 479-6700
Fax: (267) 479-6710

Attorneys for Plaintiff,
State Farm Fire and Casualty Company

Dated:  February 27, 2017